### JOHNSON v. MAGNOLIA PETROLEUM CO. et al.
### No. 2647.

Court of Civil Appeals of Texas. Beaumont.

Oct. 11, 1934.

John D. Sutherland and H. K. Harrelson, both of San Diego, for appellant.

W. H. Kennon, of San Antonio, W. H. Francis and A. S. Hardwicke, both of Dallas, and Gaines, Gaines & Roberts, of San Antonio, for appellees.

COMBS, Justice.

Appellant, J. T. Johnson, is the owner of 160 acres of land out of section 44 in Duval county, Tex. In 1927 he leased it to appe lee Magnolia Petroleum Company, under an oil and gas lease, reserving a one-eighth royalty. The lessee has drilled several producing wells on the land, including one in the northwest corner of the tract known as Well No. 3. Title to a one-fourth interest in the one-eighth royalty from the production of this well is involved in this suit.

The suit was filed in the district court of Duval county by appellant, J. T. Johnson, against the Magnolia Petroleum Company, H. A. Suttle, and Al Buchanan, as defendants. A brief summary of the pleadings will serve to show the issues involved. Plaintiff alleged his ownership of the land and of the one-eighth royalty under the lease and pleaded that the defendant Magnolia Petroleum Company had withheld a part of his royalty in an estimated amount of $1,000, which it refused to pay over to him; that the defendants H. A. Suttle and Al Buchanan "are unlawfully claiming some right, title or interest in the premises," which claim casts a cloud upon his title. He prayed for judgment against the Magnolia Petroleum Company for his debt and against the other defendants for title, removal of the cloud from his title, and for damages. The defendant Al Buchanan, by his answer, pleaded that on May 20, 1932, plaintiff and his wife entered into a written contract with the defendant H. A. Suttle whereby they agreed to assign to Suttle, by proper assignment, a one-fourth of the one-eighth of their royalty of the oil and gas that might be produced from a well to be drilled in the northwest corner of their 160-acre tract, said assignment to be delivered upon completion of the well as a producer, when and if drilled; that Suttle agreed on his part to drill, or cause to be drilled, within four months from the date of the agreement a well on an adjoining tract, same to be in the position of an offset well to the location for the well in the northwest corner of the 160-acre tract. A copy of the contract referred to was attached to the pleading as an exhibit. Buchanan pleaded that he owned a lease on the

adjoining tract and that Suttle contracted with him to drill a well on it in compliance with the contract with Johnson and assigned to him by written assignment a one-half interest in the royalty provided for in the contract with Johnson; that he drilled said well and the Magnolia Petroleum Company offset it by drilling their Well No. 3, a producer, in the northwest corner of the Johnson tract, but that Johnson had refused to execute and deliver the assignment of the royalty as he had contracted with Suttle to do. By way of cross-action he sought judgment against Johnson for specific performance and for title to his interest in the royalty. Suttle, by his answer, adopted the allegations of Buchanan's answer and joined in the cross-action. By supplemental petition plaintiff, Johnson, admitted the execution of the contract with Suttle, but sought to avoid it on the ground of failure of consideration and of fraud in its procurement, alleging that Suttle obtained it by falsely representing that he (Suttle) owned the lease on the adjoining land and that he (Johnson) would not have made the contract had he known that Suttle did not own such lease. The Magnolia Petroleum Company, by its answer, alleged that it had retained certain royalties because of the controversy between Johnson and the defendants Suttle and Buchanan and tendered the amount of the royalty into court.

Trial was to the court without a jury, and at the conclusion of the evidence the trial court rendered judgment in favor of the defendants Suttle and Buchanan for their interest in the royalty and for their share of the impounded funds. From that judgment the plaintiff has appealed.

■■ We think the judgment of the trial court was correct. As we have said, appellant admitted the making of the contract with the appellee Suttle, but sought to avoid it on the grounds of failure of consideration and fraud. These were affirmative defenses against the contract, and the burden was upon appellant to establish them. The trial court found against him on both issues and the findings are fully supported by the record. Thus, on the issue of failure of consideration, the appellant testified that the

purpose he hoped to accomplish by entering into the contract with Suttle was the securing of an offset well in the northwest corner of his 160-acre tract. He sought to accomplish that purpose by having a well drilled on an adjoining tract sufficiently near the northwest portion of his own tract that his lessee, the Magnolia Petroleum Company, would have to drill his well as an offset. The evidence shows conclusively that the hoped-for result was fully accomplished. Suttle, through his contract with Buchanan, did cause the drilling of the well on the adjoining tract exactly as he had agreed to do, and appellant's lessee did offset it by drilling Well No. 3 in the northwest corner of his tract, which well came in a producer. Thus it appears that appellant reaped every benefit from his contract with Suttle that he had expected to gain.

■■ On the issue of fraud the trial court, in his findings of fact and conclusions of law, found that neither Suttle nor Buchanan was guilty of any fraudulent conduct in connection with the transaction. This finding is fully supported by the record. In fact, as we view the evidence, it did not raise any issue of actionable fraud. True, appellant testified that Suttle represented to him that he owned the adjoining leases and that he would not have made the contract if he had known that the representation was not true. But this testimony was not sufficient to raise an issue of actionable fraud in avoidance of the contract. One seeking to avoid a contract on the ground of fraud must show not only that he was induced to sign it by false representations, but also that he has been damaged thereby, and the extent of the damage. Russell v. Industrial Transportation Co., 113 Tex. 441, 251 S. W. 1034, 258 S. W. 462, 51 A. L. R. 1. The above case by the Supreme Court fully discusses this proposition and cites numerous authorities in support of the holding. Here the evidence not only fails to show that appellant was damaged, but goes farther and shows that he suffered no damage whatever by reason of the alleged false representations.

The judgment of the trial court is in all things affirmed.